IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANTHONY REDMOND,** | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. 19-00317-B |
| **SACRED HEART HEALTH SYSTEM, INC.,** d/b/a/ Bay Medical Center, *et al*. | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 73, is before the Court on review. For the reasons set forth below, it is **RECOMMENDED** that the claims of Plaintiff, Anthony Redmond, be **DISMISSED** without prejudice for failure to prosecute and obey the Court's orders.

**I. BACKGROUND**

On June 26, 2019, attorney Robert J. Camp filed a complaint on behalf of Plaintiff Anthony Redmond, alleging race discrimination and retaliation by Defendants Sacred Heart, d/b/a Bay Medical Center and Arden Americas, LLC, d/b/a Ardent Health Services, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and in violation of 42 U.S.C. § 1981. (Doc. 1). According to the complaint, Redmond was employed by Defendants and while he was eating in the hospital cafeteria on February 14, 2018, the kitchen manager accused Redmond of impersonating an employee in order to steal food and had him

removed from the hospital by security. (Id. at 3). Approximately two weeks later, Redmond complained about the incident to the CEO of Bay Medical Center, and in response, the CEO made racially motivated statements to Redmond and caused him to be suspended without pay. Redmond was ultimately forced to resign after he filed a complaint with the EEOC. (Id. at 3-5).

On August 12, 2019, attorney Robert J. Camp filed a motion to withdraw from representing Redmond. Camp asserted that he had written Redmond regarding the filing of his complaint in June 2019 and had repeatedly attempted to reach Redmond by email, telephone, and United States mail but had received no response from him. (Doc. 6 at 1-2). Camp further averred that, in a letter sent to Redmond on July 15, 2019, he advised Redmond that if he did not contact him within the following two weeks, he would seek to withdraw from further representation. (Id.). Per Camp, Redmond did not respond to the letters, emails, or telephone calls; thus, he filed the motion requesting permission to withdraw. (Id.).

On August 13, 2019, the Court issued an order directing Camp to file, by August 20, 2019, a notice setting forth Redmond's last known address, telephone number, and email address (if applicable). Camp was also directed to include a certificate confirming that a copy of his motion to withdraw and the instant order were mailed to Redmond at his last known address. (Doc. 7). On August 20, Camp filed a notice confirming that he had complied with the directives contained in the Court's order

dated August 13, 2019. (Doc. 10). Camp also filed a stipulation for the dismissal of Ardent Americas, LLC. (Doc. 11).

The Court scheduled a hearing, via telephone, for August 23, 2019, and provided notice to the attorneys and Redmond via email. Although Redmond was provided notice, he did not participate in the status conference on August 23, 2019. Based on the representations of counsel at the August 23rd hearing, the Court issued an order on that same date granting Camp's motion to withdraw based on Redmond's failure to communicate with him. (Id.). The Court also granted Redmond leave, until September 6, 2019, to retain new counsel and have his new counsel file a written notice of appearance with the Court, or, alternatively, for Redmond to advise the Court, in the form of a written pleading pursuant to S.D. Ala. GenLR 5(a)(4), of his intent to proceed *pro se*[1] no later than September 6, 2019. (Id. at 2). Redmond was cautioned that failure to comply with the order would result in a recommendation that his claims be dismissed for failure to prosecute.[2] (Id.). To date, Redmond has not responded to the Court's order dated August 23, 2019, and his copy of the order has not been returned to the Court as undeliverable.

---

[1] The Court held in abeyance the stipulation of dismissal since it was not authorized by Redmond.

[2] The Clerk was directed to forward a copy of the order, along with a copy of the *Pro Se* Handbook, to Redmond at the address provided by his former counsel. (Doc. 15).

**II. DISCUSSION**

"District courts possess inherent power to sanction errant litigants before them[,]" including the power to dismiss an action for failure to prosecute. Bolar v. Southern Intermodal Express, 2018 U.S. Dist. LEXIS 158788, *5, 2018 WL 5116539, *2 (S.D. Ala. Sept. 17, 2018), *report and recommendation adopted sub nom.,* 2018 U.S. Dist. LEXIS 179588, *2, 2018 WL 5116093 (S.D. Ala. Oct. 19, 2018) (quoting Hudson v. Cardwell Corp., 2006 WL 2135791, *1, 2006 U.S. Dist. LEXIS 55306 at *3 (S.D. Ala. July 27, 2006)). While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 F. Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.). Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim,

including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.

In the instant action, Redmond was informed that failure to comply with the Court's orders would result in a recommendation of dismissal. (Doc. 15). Despite the fact that Redmond was given the opportunity to respond to Camp's motion to withdraw, to the Court's notice of the status conference, and to the Court's order directing Redmond to retain new counsel or advise the Court of his intent to proceed *pro se*, he has failed to do so. Redmond's complete failure to respond to the Court, as well as his failure to respond to multiple letters, emails, and telephone calls from his former counsel, strongly suggests that he has lost interest in this litigation and does not intend to prosecute this action. Under the circumstances, the Court finds that no alternatives short of dismissal will suffice.

**III. Conclusion**

Based on the foregoing, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with the Court's directives.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that, under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this the **25th** day of **September, 2019.**

                                                        <u>/s/ SONJA F. BIVINS</u>
                                               **UNITED STATES MAGISTRATE JUDGE**